**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSALL DIVISION**

| | | |
|---|---|---|
| KOJICAST LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO 2:19-cv-00132 |
| v. | § § | **JURY TRIAL DEMANDED** |
| FUNIMATION PRODUCTIONS, LLC, | § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
P.R. 3-3 INVALIDITY CONTENTIONS**

Plaintiff Kojicast, LLC ("Kojicast" or "Plaintiff") respectfully asks this Court to strike Defendant Funimation Productions, LLC's ("Funimation" or "Defendant")'s P.R. 3-3 Invalidity Contentions as inadequate. As this Court knows, this District's P.R. 3-3 requires an identification of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." And, "[i]f a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." Defendant's P.R. 3-3 Invalidity Contentions fail to meet this Court's mandatory disclosure rules.

**I.    Background**

Defendant served its P.R. 3-3 invalidity contention disclosure on August 7, 2019. In that disclosure, Defendant cover letter (attached as Exhibit A):

(1) incorporated by reference "all prior art submitted to or considered by the United States Patent and Trademark Office ("PTO") or any foreign patent office in connection with the examinations, reexaminations and inter partes reviews of the '683 Patent and all related U.S. or foreign applications and any inter partes reviews thereof, including in IPR2019-01118 as to related U.S. Patent 9,749,380," followed by indications that any such references may be relied

upon;

(2) provided a "combinations chart" identifying a multitude of potential obviousness-type invalidity combinations along with generic combinations for such references, a portion of which is shown below:

> the '683 Patent obvious. Furthermore, the asserted claims of the '683 Patent are rendered obvious as indicated in the chart below in view of a combination of one or more of the listed items of prior art and knowledge of one of ordinary skill in the art.

| Claim | Any One of the Following References | In Combination With One Or More Of the Following References |
|---|---|---|
| 1 | Public Use Art | Strober '251, Birger '778, Lambourne '014, Cannistraro '251, Hope, '681, Wood '462, Kawarazaki '310, Drucker '790, Kamimaki '840, Ono '820, Sitaraman '327, Nakamura '647, Klein '469, Mittal '616, Lee '651, Kanojia '423, 'Oka '612, and Applicant's admitted prior art. |
|  | Birger '778 | Strober '251, Lambourne '014, Cannistraro '251, Drucker '790, Hope, '681, Wood '462, Mittal '616, Kawarazaki '310, Kamimaki '840, Ono '820, Sitaraman '327, Nakamura '647, Klein '469, Lee '651, Oka '612, and Applicant's admitted prior art. |
|  | Dua '289 | Birger '778, Strober '251, Lambourne '014, Cannistraro '251, Drucker '790, Hope, '681, Wood '462, Mittal '616, Kawarazaki '310, Kamimaki '840, Ono '820, Sitaraman '327, Nakamura '647, Klein '469, Lee '651, Oka '612, and Applicant's admitted prior art. |
|  | Klein '469 | Birger '778, Strober '251, Lambourne '014, Cannistraro |

(3) provided reservation language indicating it could still use uncited portions of cited reference or other undisclosed references (e.g., "the cited portions are only examples, and Funimation reserves the right to rely on uncited portions of the prior art references and on other publications and expert testimony as aids in understanding and interpreting the cited portions, as providing context thereto, and as additional evidence that a claim limitation is known or disclosed.").

Defendant has also included language indicating that it will rely upon things not specifically identified in a claim chart:

- "Funimation further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein."
- "The following prior art patent references, including those listed in Charts A-H and discussed herein, anticipate and/or render obvious the asserted claims of the '683 Patent."
- To the extent a finder of fact finds that a limitation of a given claim was not disclosed by one of the references identified in Section II, those claims are nevertheless obvious because the Asserted Claims contain nothing beyond ordinary optimization.
- "Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to Patent L.R. 3-3(a)."
- "To the extent that Kojicast argues that any concept or element claimed in the '683 Patent is not disclosed in any one prior art reference, it would, at a minimum, have been obvious to adapt each reference to include the concept or combine it with other references that disclose the concept."

## II. Defendants' P.R. 3-3 Disclosures Should Be Stricken for Attempting to Rely Upon Undisclosed Theories

By listing a host of references that it may (or may not)[1] rely upon (including those incorporated by reference and other uncited references), Defendant's P.R. 3-3 disclosures plainly fail to identify, for each claim of the patent-in-suit, which *particular* references Defendants intend to combine, if any, under an obviousness theory. Defendants' failure to disclose *specific* obviousness combinations of alleged prior art violates Rule 3-3, which provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination . . . *must be identified*." P.R. 3-3(b) (emphasis added); see *LML Patent Corp. v. JPMorgan Chase & Co.*, 2011 U.S. Dist. LEXIS 128724, at *14, 19 (E.D. Tex. Aug. 10, 2011) (holding that Rule 3-3 "requires disclosure of combinations, not just references," and noting that a plaintiff cannot be expected to "consider every possible combination of the references disclosed"); *Realtime Data LLC v. Paketeer, Inc.*, 2009 U.S. Dist. LEXIS 114207, at *18-19, 21-22 (E.D. Tex. December 8, 2009) (holding that it is impermissible to (1) argue obviousness based upon "an impossibly high

---

[1] In the parties' meet and confer Defendant argued that these Rule violations need be of no concerns because it might not rely upon its broad language.

3

number of combinations"; (2) "reserve[e] the right to combine any charted prior art references"; and (3) casually note that "the knowledge of one of ordinary skill in the art" renders the invention invalid).

Even if Defendant had provided exemplary combinations, this District considers such exemplary combinations to be insufficient. *See Personal Audio, LLC v. Togi Entertainment, Inc.*, Case No. 2:13-cv-00013, Dkt. No. 251 at 1-3 (E.D. Tex. Aug. 6, 2014) (striking defendant's multi-reference obviousness contentions and holding that "simply providing a small number of 'exemplary combinations' does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references."), attached as Exhibit 5; *Saffran v. Johnson and Johnson et al*, 2:07-cv-451 at Dkt. 49 (E.D. Tex. Feb. 24, 2009) (striking invalidity contentions, and finding that the use of "language purporting to make the contentions merely illustrative" and failure to "specifically identify combinations of references that the defendants anticipate using at trial" constituted "an attempt to end run the rules."), attached as Exhibit 6.

In short, the Defendant's shotgun approach to listing only *possible* obviousness combinations is an unacceptable "attempt to end run the rules," as Defendant are required to "specifically identify combinations of references that the defendants anticipate using at trial." *Saffran*, 2:07-cv-451 at *1.

This Court has previously stricken invalidity contentions that failed to identify the specific combinations that the defendants intended to use at trial. *Id*. ("The defendants' current 'Invalidity Contentions' are an attempt to end run the rules. They do not specifically identify combinations of references that the defendants anticipate using at trial . . . ."); *see also Personal Audio*, 2:13-cv-00013 ("The Court finds that Defendants have failed to put Plaintiff on notice for the bulk of the thousands of possible combinations that result from the broad language in

4

Defendants' invalidity contentions. Accordingly, the Court holds that striking Defendants' multi-reference obviousness contentions is appropriate here."); *Whirlpool Corp., v. TST Water, LLC*, 2:15-cv-1528 (E.D. Tex ) at *2 (striking disclosure of "buckets" of prior art references as insufficient under P.R. 3-3), attached as Exhibit 7. Further exacerbating the multifarious combination problem is the fact that Defendant's disclosures indicate that they may rely upon unanalyzed numerous "state of the art" references.

### III.   Conclusion

Defendant's repeated, uninformative statements about the combinability of references and identification of references *that can be combined* fail to provide the required disclosure. Plaintiff is left to guess, for ***each claim*** of ***each asserted patent***, as to which of the thousands of possible alleged combinations Defendant intends to assert at trial, if any; how those references combine; and why those references are properly combined.  Defendant's disclosure serves the purpose of attempting to preserve every imaginable invalidity defense, but it wholly fails to identify for Plaintiff or this Court any of the defenses it actually expects to present at trial. Defendants' massive non-disclosure should be stricken in its entirety.

Dated:  September 24, 2019              Respectfully submitted,

*/s/ Ryan S. Loveless*

James L. Etheridge, TX Bar No. 24059147
Ryan S. Loveless, TX Bar No. 24036997
Brett A. Mangrum, TX Bar No. 24065671
Travis L. Richins, TX Bar No. 24061296
Jeff Huang (Admitted E.D. Tex.)
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.:  (817) 470-7249
Fax:  (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com

Travis@EtheridgeLaw.com  
Jeff@EtheridgeLaw.com

*Attorneys for Plaintiff*

### CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendant via email communication and during a telephonic conference on August 30, 2019. Defendant Funimation Productions is opposed to this motion.

*/s/ Ryan S. Loveless*
Ryan S. Loveless

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this July 17, 2019 with a copy of this document via email.

*/s/ Ryan S. Loveless*
Ryan S. Loveless